## AVAYA INC., Plaintiff,

v.

## TELECOM LABS, INC., TeamTLI.com Corp., Continuant, Inc., Scott Graham, Douglas Graham, and Bruce Shelby, Defendants.

### Civil Action No. 06–2490 (JBS/KMW)

United States District Court,
D. New Jersey.

Signed April 18, 2016

Robert T. Egan, Erin Regina Carroll, Lloyd Freeman, Mark Oberstaedt, Trevor J. Cooney, Archer & Greiner, PC, Haddonfield, NJ, for Plaintiff.

Anthony P. Larocco, John M. Marmora, K&L Gates LLP, Newark, NJ, for Defendant.

## ORDER CONCERNING AVAYA'S RECIPROCAL DISCOVERY OBLIGATIONS

JEROME B. SIMANDLE, Chief United States District Judge

This matter comes before the Court by way of the parties' various letters filed April 12 & 13, 2016 concerning the scope

---

of Plaintiff Avaya Inc.'s (hereinafter, "Avaya") obligation to produce reciprocal discovery (i.e., its own billing records) relative to its many objections to the fee applications of Defendants Telecom Labs, Inc. and Continuant, Inc. (hereinafter, "TLI/C").[1] [*See, e.g.*, Docket Items 1473 & 1474.] In its letter application [Docket Item 1473], TLI/C seeks entry of an Order compelling Avaya to turn over all of its counsel's billing records as reciprocal discovery in compliance with this Court's Order of January 19, 2016.[2] [*See* Docket Item 1464.]

Avaya opposes and takes the view that its obligation to produce reciprocal discovery only arises in the face of excessiveness challenges to the "overall time" or "agreed upon rates" of counsel for TLI/C. [Docket Item 1474 at 2.] In other words, Avaya asserts that its reciprocal discovery obligation depends upon the nature of its challenge to particular aspects of TLI/C's fee application. [*See generally id.*] TLI/C, by contrast, advances the position that any objections to the fee application, however denominated, "trigger[ ] Avaya's obligation of reciprocal production of its billing records." [Docket Item 1473 at 4.]

In view of the breadth of this Court's January 19, 2016 decision, Avaya's narrow interpretation of its discovery obligation misses the mark. *See generally Avaya, Inc. v. Telecom Labs, Inc.*, No. 06-2490, 2016 WL 223696 (D.N.J. Jan. 19, 2016) (hereinafter, the "discovery opinion"). Indeed, in the discovery opinion, this Court required Avaya, in relevant part, to produce "reciprocal discovery" on "*all* areas [of TLI/C's fee application] that remain in dispute." *Id.* at *5 (emphasis added). The Order accompanying the discovery opinion, in turn, reinforced this directive by stating, in broad terms, that "Avaya must produce its reciprocal billing records" relative "to *all* matters for which [it] raises objections" to TLI/C's application. [Docket Item 1464 at 2 (emphasis added).] In other words, the discovery opinion endorsed the notion that Avaya's discovery obligation arose not from the *nature* of its specific challenges to TLI/C's fee application, but instead based upon its assertion of *any* challenge to the fees sought by TLI/C. Here, though, Avaya challenges essentially every aspect of TLI/C's fee application on some basis. Avaya's own billing records will shed light upon each of these disputed areas, as well as the interrelationships among the various types of contested services.

In overall terms, Avaya's Supplemental Objections, filed April 1, 2016, accompanied by the Certification of Robert T. Egan, Esq., and the March 31, 2016 expert report of Michael Brychel, attached to the Egan Certification as Ex. 1, contain objections to the vast majority of attorneys' fees sought by TLI/C herein. In round numbers, TLI/C seeks approximately $66 million in counsel fees and $4 million in expenses, while Avaya asserts that the starting point for the ceiling upon any recoverable amount should be $13,450,760.33,

1. The parties presented their positions on this discovery dispute to the Special Master appointed by this Court on January 19, 2016, the Honorable John E. Keefe, Sr. (ret.). [*See* Docket Item 1466.] Nevertheless, because resolution of this dispute turns upon an issue first addressed in this forum (i.e., the scope of reciprocal discovery), this Court has, following consultation with the Special Master, decided to address the dispute directly.

2. TLI/C also seeks an order compelling Avaya to provide the names, positions and billing rates of all personnel who billed time in connection with the underlying lawsuit. The Court will not separately address this because such information will be contained within Avaya's billing records that are subject to production herein. If a discovery dispute remains about disclosure of Avaya's individual legal and paralegal billing rates, it may be addressed to the Special Master.

from which the Special Master should make further reductions on categorical bases. (*See, e.g.,* Avaya's Supplemental Objections at 72.) Avaya has supplied a listing of TLI/C's individual time records that it "does not specifically challenge ... at present (other than the percentage reductions for write offs and lack of success), but reserves all arguments advanced in the Objections concerning them...." (*Id.* at 68 (referring to billing entries listed in Ex. "FFF" to the Brychel Report that are marked "None" in the "Challenges" column).) The Ex. "FFF" listing of such billing entries not challenged but as to which Avaya retains categorical objections appears to be the sum of approximately $10.5 million (consisting of $13.4 million less $2.9 million in Ex. "FFF" reductions). Thus, Avaya objects to more than 84% of the requested $66 million fee award on numerous grounds specified in Avaya's submissions. This includes objections to the vast majority of billing entries, whether viewed individually or lumped together on a task basis. Thus, the reciprocal discovery obligation required, in practical terms, that Avaya turn over much (if not all) of its counsel's billing records for the relevant period.

Avaya has unreasonably withheld production of *any* reciprocal discovery, in violation of the clear provisions of this Court's January 19, 2016 Opinion and Order. The turnover of Avaya's reciprocal billing records was required by April 1, 2016 "as to all matters for which Avaya raises objections to TLI/C's application and supple-

mental application for fees," and this was not done. Avaya's billing records remain as relevant, necessary and proportional to the scope of this enormous fee dispute as they were when the Court's January 19th Order was entered.[3] Further, given Avaya's violation and given the fact that Avaya contests more than 84% of this fee request, and since TLI/C was itself required by the January 19th Order to produce all of its billing information and did so within 14 days of the January 19th Order, the Court determines it is necessary for Avaya to produce reciprocal discovery consisting of all of Avaya's billing records pertaining to the matters in dispute. The *"matters in dispute"* for these purposes consist of all legal services for which TLI/C seeks reimbursement, but not including the uncontested services identified by Avaya in Brychel Report Ex. "FFF" as "NONE" in the category of "Challenges." Avaya's production of these materials is presently 17 days overdue.

For these reasons, and to avoid any further delay in this already protracted fee affair, this Court will direct Avaya to produce *all* of its billing records for the period of time sought in TLI/C's fee application, regardless of the type of challenge raised by Avaya, with respect to all "matters in dispute," as defined above, within forty-eight hours.[4]

Consequently, and for other good cause shown;

IT IS this *18th* day of *April,* 2016, hereby

---

3.  The Court repeats its January 19th determination that production of such documents is appropriate as a matter of discovery. Any determination of the evidentiary value of these materials remains for the Special Master in the first instance.

4.  Because the Opinion and Order of January 19, 2016, already gave notice of those requirements, and because Avaya's production is

long overdue, the Court expects that this production will be concluded forthwith, so as to not further delay the Special Master process and its September 1, 2016 overall deadline for completing the assigned tasks. Further, the Special Master has discretion to shorten any further Avaya deadlines by up to 19 days (the time elapsed from April 1, 2016 until production anticipated on April 20, 2016) to make up for this unreasonably lost time.

**ORDERED** that counsel for Avaya shall produce to TLI/C *all* of its billing records pertaining to all matters in dispute for the period of time sought in TLI/C's fee application and supplemental application within *forty-eight hours* from entry of this Order.[5]

---

**5.** As with the billing records of counsel for TLI/C, the Court will permit counsel for Avaya to make *limited* redactions to its billing records in the manner set forth in the discovery opinion. *See Avaya, Inc.*, 2016 WL 223696, at *6. More specifically, the Court will permit counsel for Avaya to redact "specific confidential communications" to the extent the redacted information is not needed for an understanding of the services described in the Avaya record, and subject to the privilege log requirement of Federal Rule of Civil Procedure 26(b)(5)(A)). *Id.*